Clayton G. LOWE and Lucille Lowe, his wife, Plaintiffs,

Clayton G. Lowe, Plaintiff-Appellant,

v.

UNITED STATES of America, Defendant-Appellee.

No. 79–2229

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Jan. 28, 1980.

Dean, Ringers, Morgan & Lawton, Roy B. Dalton, Jr., Orlando, Fla., for plaintiff-appellant.

Mark L. Horwitz, Asst. U. S. Atty., Orlando, Fla., for defendant-appellee.

Before RONEY, KRAVITCH and TATE, Circuit Judges.

PER CURIAM:

Clayton G. Lowe was employed by a subcontractor to a general contractor engaged in building a facility for the United States Government at Kennedy Space Center. He was injured while descending from a construction trailer on temporary cement block steps constructed by his employer. He sued the Government, as landlord of the facility, under the Federal Tort Claims Act, 28 U.S.C.A. §§ 1346(b), 2671–2680. After a bench trial, the district court denied liability. We affirm for the reasons set forth in the district court opinion. *Lowe v. United States*, 466 F.Supp. 895 (M.D.Fla.1979).

Under the contract involved here the general contractor was an independent contractor, not an agent of the Government. Although the contract did provide that the Government could notify the contractor of any noncompliance with the safety and health provisions of the contract and act to remedy the failure of the contractor to take corrective measures, such action was not mandatory. Moreover, the contract reveals that safety was the sole responsibility of the contractor. The United States may not be held liable just because it retains the right to require adherence to safety regulations. *Fisher v. United States*, 441 F.2d 1288, 1292 (3d Cir. 1971); *Johnston v. United States*, 461 F.Supp. 991, 993 (N.D.Fla. 1978).

Under Florida law, a landowner who hires an independent contractor is not ordinarily liable for injuries sustained by the contractor's employees in their work. *Lake Parker Mall, Inc. v. Carson*, 327 So.2d 121, 123 (Fla.App.1976), *cert. denied*, 344 So.2d 323 (1977). The duty of the landowner to warn of a dangerous condition is satisfied by notice to the contractor or supervisory personnel. 327 So.2d at 123. *See Florida Power & Light Co. v. Robinson*, 68 So.2d 406, 411 (Fla.1953).

About one month before Lowe's accident, a Government safety inspector advised the general contractor's superintendent to correct the dangerous condition in the steps. The district court found that the warning was sufficient and reasonable under the circumstances. 466 F.Supp. at 899; *see Lake Parker Mall*, 327 So.2d at 123. In any event, the plaintiff knew of the condition of the steps. The court's findings of fact are not clearly erroneous. It correctly applied the law. *See Alexander v. United States*, 605 F.2d 828, 832 (5th Cir. 1979).

AFFIRMED.